**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| KUMAR INDUSTRIES,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Court No. 26-03242 |

**FIRST AMENDED COMPLAINT**

Plaintiff Kumar Industries ("Kumar") a ("Plaintiff"), by and through their attorneys, Fox Rothschild LLP, allege and state as follows:

**THE ADMINISTRATIVE DECISION TO BE REVIEWED**

1. Plaintiff contest certain aspects of the final determination of the countervailing duty administrative review *Glycine from India* (C-533-884) issued by the International Trade Administration of the United States Department of Commerce ("Commerce" or "the Department"). The final results of the administrative review covered Plaintiff's exports of glycine from India that entered into the United States during the ("POR"), between January 1, 2023 – December 31, 2023.

2. Commerce issued the contested final results on June 8, 2026, and the notice of the final results was published in the Federal Register on June 16, 2026. *See Glycine from India: Final Results of Countervailing Duty Administrative Review; 2023*, 91 Fed. Reg. 36,110 (June 16, 2026). The findings and conclusions of the contested results were set forth in an accompanying Issues and Decision Memorandum for the Final Results dated June 8, 2026. ("I&D Memo").

**JURISDICTION**

3. Plaintiff brings this action pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and 1516a(a)(2)(B)(iii) to contest the aforesaid final results. This Court has sole jurisdiction over this matter under 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

**STANDING**

4. Plaintiff is an Indian producer and exporter to the United States of glycine, and thus is an interested party within the meaning of 19 U.S.C. § 1677(9)(A) and 19 U.S.C. § 1516a(f)(3). As an interested party that actively participated in the underlying administrative proceeding, Plaintiff has standing to bring this action pursuant to 19 U.S.C. § 1561a(d) and 28 U.S.C. § 2631(e).

**TIMELINESS**

5. This action is timely as this Complaint is being filed within 30 days of the filing of the Summons that initiated this case. *See* Rule 3(a)(2) of the Rules of the U.S. Court of International Trade and 28 U.S.C. § 2636(c).

**STANDARD OF REVIEW**

6. This Court reviews final determinations of countervailing duty administrative reviews issued by Commerce pursuant to 19 U.S.C. § 1675(a) to determine whether they are "unsupported by substantial evidence on the record or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

**STATEMENT OF FACTS**

7. Commerce initiated the contested administrative review on July 29, 2024. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 89 Fed. Reg. 60,871 (July 29, 2024). Kumar Industries participated in this review as a mandatory respondent and responded to all of Commerce's information requests in a complete and timely manner. Kumar

responded to Commerce's initial questionnaire and to several supplemental questionnaires.

8. Commerce issued the preliminary results, and the accompanying issues and decision memorandum on September 30, 2025. The preliminary results were published in the Federal Register on October 3, 2025. *See Glycine From India: Preliminary Results and Partial Rescission of Countervailing Duty Administrative Review; 2023*, 90 Fed. Reg. 48,028 (Oct. 3, 2025) ("Preliminary Results"), and ("Preliminary I&D Memo."). Commerce calculated a total preliminary subsidy rate for Kumar of 9.41 percent.

9. As part of that decision, Commerce applied partial adverse facts available ("AFA") to Kumar with respect to its cross-owned affiliate Rudraa International ("Rudraa"). Commerce found that Kumar withheld requested information because it did not submit a complete Section III questionnaire for Rudraa. As a consequence, Commerce preliminarily found that Rudraa used all of the subsidy programs at issue and found those programs conferred a countervailable benefit to Rudraa, despite Kumar's submission of factual information and assertions that Rudraa was an export trading company that was simply ineligible for many of the subsidy programs that confer benefits to producers, rather than traders, of merchandise. Commerce selected an AFA rate for each of those programs and calculated the sum of those rates to determine the total AFA rate applicable to Rudraa.

10. Commerce also assigned Bajaj the preliminary subsidy rate of 9.41 percent calculated for Kumar, because it was the only individually calculated subsidy rate, and was not zero, de minimis, or based entirely on facts otherwise available, pursuant to section 705(c)(5)(A)(i) of the Trade Act of 1930.

11. Commerce subsequently conducted a virtual verification of Kumar and issued a Verification Report.

12. On May 8, 2026, Kumar submitted its administrative case brief, arguing that: 1) Kumar and Rudraa did not withhold necessary information from Commerce as the companies provided detailed information regarding Rudraa's purchases and sales during the average useful life ("AUL") period, financial statements, among other information, and that such information was sufficient to demonstrate the company's use or non-use of subsidy programs; 2) the record establishes that Rudraa is not a manufacturing entity, but merely a merchant/trader of goods and is therefore *de facto* ineligible for several of the alleged subsidy programs that Commerce included in its AFA determination; and 3) Kumar received no countervailable subsidy benefits from the alleged provision of water for less than adequate remuneration ("LTAR").

13. On May 13, 2026, Kumar submitted its rebuttal brief to respond to Petitioner's varied calls for the application of total adverse facts available. Kumar explained that there was no basis for Commerce to apply AFA with respect to Kumar's other affiliates, including Advance Chemical Corporation ("ACC"), Rexisize Rasayan Pvt. Ltd. ("Rexisize"), and Reliance Corporation ("Reliance"). Kumar reiterated that Commerce noted in its Verification Report that it found no significant inconsistencies with Kumar's reporting of information concerning the types of transactions it had with ACC, Rexisize and Reliance, as well as other information submitted in its questionnaire responses.

14. Commerce issued the final results and accompanying decision memorandum on June 9, 2026. The Final Results were published on June 16, 2026. *See Glycine from India: Final Results of Countervailing Duty Administrative Review; 2023,* 91 Fed. Reg. 36,110 (June 16, 2026) ("Final Results, and accompanying Final I&D Memo.").

15. In stark contrast to the Preliminary Results, Commerce applied AFA to Kumar with respect to ACC, Rexisize, and Reliance, and continued to apply AFA with respect to

Rudraa. Commerce also revised the AFA calculation for Kumar's cross-owned affiliate Rudraa, and applied facts otherwise available to Kumar's sales denominators based on observations made at verification. *See* Final I&D Memo. at 3.

16. Commerce stated that it found during verification that Kumar's cross-owned affiliates failed to provide requested documentation regarding production, failed to provide accounting data for three months of the POR, and failed to provide an explanation regarding the Gujarat Pollution Control Board's approval for certain merchandise. *See id.* at 6. As a result, Commerce claimed that it was unable to verify the cross-owned affiliates' responses to confirm they did not produce subject merchandise, or inputs for subject merchandise and did not use any subsidy programs during the POR.

17. Consequently, Commerce determined that Kumar's cross-owned affiliates benefited from all of the same subsidy programs that Kumar benefitted from during the period of review.

18. Commerce applied an AFA subsidy rate of 10.72 percent *ad valorem* to ACC, Rexisize, Reliance, and Rudraa. The total subsidy rate assigned to Kumar was 45.33 percent in the Final Results. Commerce applied Kumar's 45.33 percent rate, based substantially on AFA, to Bajaj Healthcare.

19. Commerce also determined that Kumar's use of water from Company B constitutes a subsidy and treated all of Kumar's water purchases from Company B as a countervailable benefit, regardless of whether the water was used to produce subject merchandise or not.

20. On July 14, 2026, Kumar filed a timely summons to initiate this action.

**STATEMENT OF CLAIMS AND BASES FOR RELIEF**

Plaintiffchallenge the Final Results of the administrative review for the following reasons:

**COUNT 1**

21. Paragraphs 1-21 are incorporated by reference herein.

22. The statute permits Commerce to apply facts available if information is missing from the record or a party withholds information requested by Commerce. 19 U.S.C. §§ 1677e(a)(1) and 1677e(a)(2)(A). Commerce may use an adverse inference in the application of facts available only if Commerce determines that an interested party "failed to cooperate by not acting to the best of its ability to comply with a request for information" from Commerce. 19 U.S.C. § 1677e(b). The reviewing courts have determined that not cooperating to the best of one's ability requires Commerce to make a separate analysis and determination apart and that it is insufficient for Commerce to merely restate the statutory standard under 19 U.S.C. § 1677e(a)(2)(A). *See, e.g., NSK Ltd. v. United States,* 481 F.3d. 1355, 1361 (Fed. Cir. 2007); *ABB, Inc. v. United States,* 355 F. Supp. 3d 1206, 1223 (Ct. Int'l Trade 2018).

23. Kumar cooperated to the best of its ability to respond to Commerce's information requests throughout the administrative review. Kumar was responsive to Commerce's initial and supplemental questionnaires, and provided requested information regarding its cross-owned affiliates that was in Kumar's possession, custody and control.

24. With respect to Rexisize and Reliance Corporation, Kumar explained that it only became affiliated with those companies on April 1, 2023, and thus was not affiliated with the companies throughout the entire POR and AUL period. Thus, Kumar's access to Rexisize's and Reliance's records was limited as Kumar's partners only recently re-acquired their interests in

those companies. Despite this explanation, Commerce determined that Kumar was in such a position to possess information for Rexisize and Reliance for the entire POR and AUL period.

25. Furthermore, substantial evidence on the record does not support a finding that Rexisize and Reliance engaged in the production of glycine or supplied glycine inputs to Kumar during the period in which the companies were affiliated, nor did the companies receive and transfer subsidies to Kumar or were parent and holding companies of Kumar. Accordingly, Commerce's attribution of subsidies to Kumar on the basis of AFA was unsupported by substantial evidence on the record.

26. There is similarly no basis to apply adverse facts available to Kumar with respect to ACC because Kumar responded completely to Commerce's inquiries concerning this affiliate and provided requested information within its possession.

27. Accordingly, Commerce's determinations in the final results that Kumar failed to cooperate to the best of its ability to provide requested information at verification with respect to ACC, Rexisize and Reliance Corporation was unsupported by substantial evidence and otherwise not in accordance with law.

## COUNT 2

28. Paragraphs 1-28 are incorporated by reference herein.

29. In the final results, Commerce continued to apply AFA to Kumar with respect to its cross-owned affiliate Rudraa International on the basis that Kumar failed to provide a complete questionnaire response for Rudraa.

30. Kumar was fully cooperative throughout the administrative review and provided detailed information regarding Rudraa's purchases and sales during the AUL period, and financial statements, among other information. Such information was sufficient to demonstrate

the company's use or non-use of subsidy programs.

31. Furthermore, the record establishes that Rudraa is not a manufacturing entity, but merely a merchant/trader of goods and is therefore *de facto* ineligible for several of the alleged subsidy programs that Commerce included in its AFA determination.

32. Accordingly, Commerce's determination to apply AFA to Rudraa International was unsupported by substantial evidence and is otherwise not in accordance with law.

**COUNT 3**

33. Paragraphs 1-34 are incorporated by reference herein.

34. In the event that Commerce's application of facts available is affirmed and given Kumar's otherwise high level of cooperation with the administrative review, sufficient information existed in the record for Commerce to have applied partial facts available to account for any perceived missing information in a neutral manner, without the application of any adverse inference.

35. Kumar provided Commerce with requested information that was within its possession, custody and control. To the extent that Kumar did not provide certain information requested by Commerce that it did not possess and to which it had no access, including but not limited to the company records of Rexisize and Reliance Corporation prior to April 1, 2023, Kumar should not be penalized for its lack of access or control over such information.

36. In addition, Commerce should not apply total AFA to Rudraa International with respect to subsidy programs that the company is *de facto* ineligible to benefit from as a trading company, rather than a manufacturer, as established by the record.

37. Commerce's use of total adverse facts available, rather than neutral facts available, was unsupported by substantial evidence in the administrative record and was

otherwise contrary to law.

**COUNT 4**

38. Paragraphs 1-38 are incorporated by reference herein.

39. In the Final Results, Commerce found that Kumar benefited from the use of water for less than adequate remuneration by virtue of its purchases from Company B.

40. Kumar explained that it used water from Company A, a private commercial entity, and Company B during the POR. Kumar further explained that all of its purchases of water from Company B were not used in the production of subject merchandise. Nonetheless, Commerce treated all of Kumar's purchases of water from Company B as constituting a countervailable benefit.

41. Commerce's determination in the Final Results to treat all water purchases from Company B as a countervailable benefit was not supported by substantial evidence and was otherwise not in accordance with law.

Paragraphs 1 through 42 **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court:

a) Hold that Commerce's final results were unsupported by substantial evidence on the administrative record and was otherwise not in accordance with law with respect to the claims advanced by Plaintiffs in this Complaint;

b) Remand the Final Results to Commerce with instructions to correct its errors in accordance with the Court's decision; and

c) Remand the Final Results to Commerce with instructions to re-calculate the all others rate for Bajaj Healthcare by excluding the total AFA subsidy calculations attributed to

Kumar's cross-owned affiliates.

Respectfully submitted,

<u>*/s/ Lizbeth R. Levinson*</u>
Lizbeth R. Levinson

FOX ROTHSCHILD LLP
2020 K Street, NW
Suite 500
Washington, DC 20006
Tel: (202) 794-1182
Email: llevinson@foxrothschild.com
*Counsel to Plaintiffs Kumar Industries*

Dated: September 2, 2026